J-A13028-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM DUANE MALDONADO- | : | |
| ROSADO | : | |
| | : | No. 856 MDA 2022 |
| Appellant | : | |

Appeal from the PCRA Order Entered May 20, 2022
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s): CP-38-CR-0000698-2019

BEFORE: BOWES, J., LAZARUS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, J.:         **FILED: AUGUST 1, 2023**

William Duane Maldonado-Rosado appeals from the order, entered in the Court of Common Pleas of Lebanon County, denying his petition filed pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm based on the opinion authored by the Honorable Bradford H. Charles.

A jury convicted Maldonado-Rosado of possession with intent to deliver (PWID) (heroin and fentanyl),[1] possession of a controlled substance,[2]

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30).

[2] *Id.* at § 780-113(a)(16).

possession of drug paraphernalia,[3] and false identification to law enforcement.[4] The trial court sentenced Maldonado-Rosado to an aggregate term of 60 to 120 months' imprisonment. Maldonado-Rosado filed post-sentence motions, which were denied. Maldonado-Rosado filed a direct appeal, and this Court affirmed his judgment of sentence. *See Commonwealth v. Maldonado-Rosado*, 1411 MDA 2020 (Pa. Super. filed June 10, 2021) (unpublished memorandum decision).

Maldonado-Rosado did not seek review with our Supreme Court. Instead, on June 28, 2021, he filed a timely *pro se* PCRA petition. The PCRA court appointed counsel, who filed an amended PCRA petition on December 7, 2021, alleging misconduct on the part of two jurors who served on the jury at Maldonado-Rosado's 2019 trial.

The PCRA court created a detailed process by which Maldonado-Rosado's claims could be addressed. The PCRA court scheduled a pre-hearing conference, which was held on February 22, 2022. Following that conference, the court scheduled a factual hearing for May 19, 2022, at which the court would hear from the individuals that Maldonado-Rosado identified as having information to corroborate his claim of juror misconduct. The court also noted that, after that hearing, a second factual hearing would be scheduled, at which the jurors in question would be subpoenaed to testify. The court set forth the

---

[3] *Id.* at § 780-11(a)(32).

[4] 18 Pa.C.S.A. § 4914(a).

details of how that second factual hearing would proceed. **See** Order, 2/22/22.

At the May 19, 2022 hearing, Maldonado-Rosado's counsel informed the court that he was unable to locate either of the two individuals Maldonado-Rosado identified as having direct evidence of juror misconduct. Because Maldonado-Rosado presented no evidence to support his claims, the court denied Maldonado-Rosado's PCRA petition. **See** Order, 5/19/22.

On June 3, 2022, Maldonado-Rosado filed a timely appeal. Both the PCRA court and Maldonado-Rosado have complied with Pa.R.A.P. 1925.

Maldonado-Rosado raises two issues on appeal:

1. Did the [PCRA c]ourt commit prejudicial error by not granting [Maldonado-Rosado's] request for additional time to continue his search for the two (2) witnesses that submitted written statements declaring that several of the jurors selected for his trial knew of his case and prejudged him guilty?

2. Did the [PCRA c]ourt commit prejudicial error by denying [Maldonado-Rosado's PCRA petition] without allowing a hearing on the merits?

Appellant's Brief, at 6.

Appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." **Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa. Super. 2014) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Commonwealth v. Lawson**, 90 A.3d 1, 4 (Pa. Super. 2014)

(citations omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." ***Commonwealth v. Hickman***, 799 A.2d 136, 140 (Pa. Super. 2002) (citation omitted).

> The PCRA court stated:
>
> [Maldonado-Rosado's] claim of juror misconduct was presented to this [c]ourt, and we carefully evaluated it with the goal of balancing [Maldonado-Rosado's] ability to present his claims with the concerns about juror privacy. This [c]ourt was meticulously specific in outlining a process by which [Maldonado-Rosado] claim of juror misconduct could be addressed. Moreover, we communicated our proposal to everyone in advance of conducting a conference scheduled for the specific purpose[] of approving a plan. **At the conference, both [Maldonado-Rosado] and the Commonwealth approved of the process proposed by the [c]ourt. That process was then implemented. . . . [Maldonado-Rosado] was then given three (3) months to locates and subpoena his witnesses. During this 3-month period of time, [Maldonado-Rosado] did not seek additional time.** Instead, he waited until the date of the hearing to request additional time. He then proclaimed in [c]ourt that it should have been the responsibility of the District Attorney or the [c]ourt to locate the individuals who he claimed could prove juror misconduct.

Trial Court Opinion, 8/3/22, at 26 (emphasis added).

As a PCRA petitioner, Maldonado-Rosado has the burden to plead and prove his claims in order to obtain relief under the PCRA. ***See*** 42 Pa.C.S.A. § 9543(a). Given the court's consideration and carefully detailed process for allowing Maldonado-Rosado to proceed with this claim, and the fact that Maldonado-Rosado failed to present any evidence to prove his claim, we conclude the PCRA court committed no error. ***Miller***, ***supra***. We rely upon

Judge Charles' comprehensive opinion to affirm the order denying Maldonado-Rosado's PCRA petition. We direct the parties to attach a copy of that opinion in the event of further proceedings.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/01/2023